1 | ALEXANDER B. CVITAN (SBN 81746),
(Email: alc@rac-law.com)
2 | MARSHA M. HAMASAKI (SBN 102720), and
(Email: marshah@rac-law.com)
3 | PETER A. HUTCHINSON (SBN 225399) of
(Email: peterh@rac-law.com)
4 | REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Boulevard, Suite 2000
5 | Los Angeles, California  90010-2421
Telephone:  (213) 386-3860; Facsimile:  (213) 386-5583
6 |
Attorneys for Plaintiff Construction Laborers Trust Funds
7 | For Southern California Administrative Company, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company, | CASE NO. |
| | COMPLAINT FOR: |
| Plaintiff, | 1. MONETARY DAMAGES DUE TO EMPLOYEE BENEFIT PLANS; |
| v. | 2. DAMAGES FOR BREACH OF FIDUCIARY DUTIES; |
| J.E.T. DRILLING, INC., a California corporation also known as J E T DRILLING, INC.; WILLIAM BURTON HINTON, an individual; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation; DOE 1 through DOE 5, inclusive, | 3. MONETARY DAMAGES FOR BREACH OF SETTLEMENT AGREEMENT; |
| | 4. FOR RECOVERY AGAINST LICENSE BONDS |
| Defendants. | [29 U.S.C. §§ 1132(g)(2) and 1145; 29 U.S.C. § 1132(a)(3); 29 U.S.C. § 185; 28 U.S.C. § 1367(a)] |

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      This action is brought by a fiduciary administrator on behalf of employee benefit plans against an employer in accordance with the terms and conditions of the

-1-

427614.1

plans, collective bargaining agreements to which the employer is bound and applicable statutes to: (a) recover unpaid monthly employee fringe benefit contributions and related damages due to the plans by the employer (Claim 1); (b)  recover against the principals of employers for breaches of fiduciary duty to the plans (Claim 2); (c) recover against the employer for breach in the terms of a settlement agreement (Claim 3); and for (e) recover against the employer's license bond surety (Claim 4).  This Court has jurisdiction over Claims 1 and 2 pursuant to: sections 502(g)(2) and 515 of the Employee Retirement Income Security Act (ERISA) (codified at 29 U.S.C. §§ 1132(g)(2) and 1145); section 502(a)(3) of ERISA (codified at 29 U.S.C. § 1132(a)(3)); and section 301 of the Labor Management Relations Act (LMRA) (codified at 29 U.S.C. § 185), and supplemental jurisdiction over Claims 3 and 4 pursuant to 28 U.S.C. § 1367(a).  Pursuant to section 502(e)(2) of ERISA (codified at 29 U.S.C. § 1132(e)(2)), venue is proper in this district for each of the following reasons: the plans are administered in this district; the employer's performance and breach took place in this district; and the employer resides or may be found in this district.

## PARTIES

2.     Plaintiff CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY ("Plaintiff" and/or "CLTF") is a Delaware limited liability company, with its principal place of business in this District.  CLTF is the administrator and agent for collection of several employee benefit plans, and a fiduciary as to those plans, including the Laborers Health and Welfare Trust Fund for Southern California; Construction Laborers Pension Trust for Southern California; Construction Laborers Vacation Trust for Southern California; Laborers Training and Re-Training Trust Fund for Southern California; Fund for Construction Industry Advancement; Center for Contract Compliance; Laborers Contract Administration Trust Fund for Southern California; Laborers' Trusts

-2-

427614.1

Administrative Trust Fund for Southern California; and Southern California Partnership for Jobs Trust Fund (collectively "TRUST FUNDS"). Each are express trusts and were created by written agreements and are employee benefit plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3) and multi-employer plans within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A). The TRUST FUNDS are jointly-managed trusts in accordance with LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), created pursuant to collective bargaining agreements between the Southern California District Council of Laborers and its Affiliated Locals, ("UNION") and various employers. The TRUST FUNDS are administered in the County of Los Angeles, State of California. Plaintiff brings this action as a fiduciary on behalf of the TRUST FUNDS.

3.      CLTF is a fiduciary as to the TRUST FUNDS, in that it:

A.      Exercises discretionary authority or discretionary control respecting the collection of delinquent (or possibly delinquent) contributions to the TRUST FUNDS, including but not limited to discretion in auditing employers, deciding what claims to assert, acting as agent of the TRUST FUNDS in asserting claims, waiving liquidated damages, settling claims, and releasing claims; and

B.      Exercises authority or control respecting management or disposition of assets of the TRUST FUNDS, including but not limited to, receiving delinquent contributions collected and holding them in a bank account in its own name over which it has check-writing authority, and then exercising discretion in allocating those assets among the different TRUST FUNDS, different participants, different time periods and different jobs.

4.      Plaintiff is informed and believes and thereon alleges that Defendant, J.E.T. DRILLING, INC., ("EMPLOYER"), is a corporation organized and existing under and by virtue of the laws of the State of California and is and/or was engaged in business in the State of California with its principal place of business in the City of Signal Hill, County of Los Angeles, State of California and does, or at all relevant times

427614.1

1  did, business in the State of California as a construction contractor in an industry

2  affecting interstate commerce.  .

3       5.    Plaintiff is informed and believes and thereon alleges that Defendant,

4  WILLIAM BURTON HINTON (hereinafter referred to as "HINTON") is the principal,

5  beneficial owner and responsible managing officer of EMPLOYER and is engaged in

6  business in the City of Signal Hill, County of Los Angeles, and may reside in the County

7  of Orange, State of California.

8       6.    Plaintiff is informed and believes that is informed and believes, and on that

9  basis alleges, that Defendant AMERICAN CONTRACTORS INDEMNITY

10  COMPANY, ("ACIC") is a California corporation that is licensed and authorized to

11  perform and transact a surety business in the State of California, which has a principal

12  place of business in the City of Los Angeles, State of California and which does, or at all

13  relevant times did, conduct business in California as a surety.

14       7.    The true names and capacities, whether individual, corporate, associate,

15  otherwise of Defendants named herein as DOE 1 through DOE 5, inclusive are unknown

16  to Plaintiff, who therefore sue said Defendants by such fictitious names, and Plaintiff

17  will amend this Complaint to show their true names and capacities when the same have

18  been ascertained.

19  <u>OTHERS</u>

20

21       8.    The Southern California District Council of Laborers and its affiliated

22  Local Unions (collectively "UNION") is, and at all relevant times was, a labor

23  organization representing employees affecting interstate commerce.  The UNION is not

24  a party to this action.

25       9.    The Los Angeles Country Metropolitan Transit Authority ("LACMTA") is

26  a "Public Entity," as defined in California Civil Code ("Civil Code") § 8036.  The

27  LACMTA is not a party to this action.

28       10.    The Los Angeles County Sanitation District No. 2 (DISTRICT NO.2") is a

427614.1

1   "Public Entity," as defined in Civil Code § 8036.  The DISTRICT NO. 2 is not a party to
2   this action.
3
4                          INDIVIDIUAL DEFENDANT
5
6       11.    Plaintiff is informed and believes and thereon alleges that at all times
7   material herein, that HINTON, and or DOE 1 through DOE 5, inclusive, were and/or
8   continue to be fiduciaries and/or parties in interest to the TRUST FUNDS as defined in
9   29 U.S.C. §§ 1002(14), and 1002(21)(A), for the reasons more fully described below and
10  in the Second Claim for Relief.
11      12.    Plaintiff is informed and believes and thereon alleges that HINTON, and or
12  DOE 1 through DOE 5, inclusive are responsible for running the day to day operations
13  of EMPLOYER and are responsible for decisions pertaining to the reporting and
14  payment of contributions to the TRUST FUNDS, and that they personally maintained
15  control of those funds which should have been turned over to the TRUST FUNDS.
16      13.    Plaintiff is informed and believes and thereon alleges that at all times
17  herein, HINTON, and or DOE 1 through DOE 5, inclusive are the majority shareholders
18  of EMPLOYER and beneficial owners of EMPLOYER.
19      14.    Plaintiff is informed and believes and thereon alleges that HINTON, and or
20  DOE 1 through DOE 5, inclusive acted on behalf of and in the interest of EMPLOYER
21  in all aspects of labor relations and in EMPLOYER's dealings and relations with the
22  TRUST FUNDS and the UNION.
23      15.    Plaintiff is informed and believes and thereon alleges that HINTON and
24  DOE 1 through DOE 5, inclusive, acted on behalf of EMPLOYER and in the interest of
25  EMPLOYER, in determining which employees EMPLOYER would report to the
26  TRUST FUNDS, the number hours upon which contributions would be reported to the
27  TRUST FUNDS, and payments to be made on behalf of EMPLOYER.
28  / / /

# FIRST CLAIM FOR RELIEF

## CONTRIBUTIONS OWED TO THE TRUST FUNDS

### (AGAINST EMPLOYER)

**[29 U.S.C. §§ 185 and 1145]**

16.     Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15 above.

## AGREEMENTS

17.     In order to work on projects for the LACMTA and the DISTRICT NO. 2, Plaintiff is informed and believes that EMPLOYER executed Letters of Assent to the Agreements referenced below and  executed Subscription Agreements to the TRUST FUNDS and became bound to each of the following Agreements:

> A.     The Agreement between the LACMTA the Los Angeles and Orange Counties Building and Construction Trades Council ("Trades Council"), and the signatory Craft Unions (including the UNION) known as the "Los Angeles County Metropolitan Transit Authority Project Labor Agreement" ("MTA PLA"); and
>
> B.     The Agreement between DISTRICT NO. 2 and the Trades Council, and the signatory Craft Unions (including the UNION) known as the "Joint Water Pollution Control Plant Effluent Outfall Tunnel Project Labor Agreement" ("DISTRICT PLA").

18.     The MTA PLA and the DISTRICT PLA incorporate by reference existing Construction Master Labor Agreements of the UNION including but not limited to the Master Labor Agreement known as the "Southern California Master Labor Agreement" (collectively "MLAs").   At all times material herein, EMPLOYER has been and continues to be bound by the MLAs relating to work on projects covered by the MTA PLA and the DISTRICT PLA (hereinafter collectively "PROJECT AGREEMENTS").

-6-

427614.1

19.     Pursuant to EMPLOYER'S work on the projects covered by the PROJECT AGREEMENTS and MLAs as well as any Letters of Assent and Subscription Agreements, EMPLOYER became obligated to all the terms and conditions of the various Trust Agreements which created each of the TRUST FUNDS as they may be constituted in their original form or as they may be subsequently amended.  The referenced PROJECT AGREEMENTS, Subscription Agreements, Letters of Assent and Trust Agreements will be collectively referred to as "AGREEMENTS".

20.     The AGREEMENTS obligate EMPLOYER to pay fringe benefit contributions at the rates set forth in the AGREEMENTS for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS ("MONTHLY CONTRIBUTIONS").  The EMPLOYER is additionally required to submit reports on a monthly basis ("MONTHLY REPORTS") with these MONTHLY CONTRIBUTIONS, detailing the name, address, social security number and hours worked that month for each employee covered by the AGREEMENTS and those MONTHLY REPORTS are required to be submitted even where there are no employees to report for the reporting period.  The TRUST FUNDS depend on the truth and accuracy of this information, in order to not only determine the correct amount of MONTHLY CONTRIBUTIONS due, but to fulfill their own fiduciary duties to properly credit participants towards the benefits provided by the TRUST FUNDS.  Those MONTHLY CONTRIBUTIONS constitute assets of the TRUST FUNDS, pursuant to the terms of the AGREEMENTS and applicable law, from the time they are due and can be reasonably segregated from other funds.  The Trustees of the TRUST FUNDS have a fiduciary duty to marshal those assets so that they may be applied for the benefit of the participants and beneficiaries in accordance with the various Trust Agreements.

21.     By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(C), EMPLOYER is obligated to pay to the TRUST FUNDS, as and for liquidated damages for detriment caused by the failure of EMPLOYER to pay fringe benefit MONTHLY CONTRIBUTIONS in a timely manner, a sum equal to $25.00 or twenty percent (20%)

427614.1

of the unpaid MONTHLY CONTRIBUTIONS and/or interest on the unpaid MONTHLY CONTRIBUTIONS at rates established pursuant to the AGREEMENTS from their respective due dates, whichever is the greater amount, for each of the TRUST FUNDS to which EMPLOYER is required to contribute.

22.     By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B), EMPLOYER is obligated for payment of interest on delinquent MONTHLY CONTRIBUTIONS from the due date of the contribution through the payment date of the contribution, at the per annum rate of five percent (5%) over the rate set by the Federal Reserve Board at San Francisco, California, effective on the date each contribution is due.  The current plan rate of interest on the MONTHLY CONTRIBUTIONS is 5.25% per annum.

23.     The AGREEMENTS obligate EMPLOYER, and any of its subcontractors or lower-tiered subcontractors, to subcontract work covered under the AGREEMENTS to those subcontractors who are parties to AGREEMENTS, and EMPLOYER'S failure to do so may result in damages to the TRUST FUNDS relating to those subcontractors who perform work covered under the MLAs, including amounts measured by the fringe benefit contributions, liquidated damages, and interest that would be owed by the subcontractor if signatory to the AGREEMENTS.

24.     The AGREEMENTS provide the TRUST FUNDS with specific authority to examine and copy all of EMPLOYER's payroll and business records which may be pertinent to determining whether EMPLOYER has reported all hours worked (or paid for) by employees who perform services covered under the AGREEMENTS and has paid the appropriate MONTHLY CONTRIBUTIONS to the TRUST FUNDS, and that the EMPLOYER shall be responsible for the costs of such audit.

## BREACH OF AGREEMENTS

25.     Plaintiff is informed and believes and based on such information and belief

427614.1

alleges that EMPLOYER employed workers who performed services covered by the AGREEMENTS and failed to pay the rates specified in the AGREEMENTS to certain TRUST FUNDS on behalf of those workers for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS.  Due to EMPLOYER's continuing obligation to submit MONTHLY REPORTS, additional amounts may be discovered and become due and owing by EMPLOYER which cannot ascertained at this time.  Said amounts will be established by proof at the trial or other hearing.

26.    All conditions to EMPLOYER's obligations to make payments under the AGREEMENTS have been met.

## DAMAGES

27.    As a result of EMPLOYER's failure to pay the rates specified in the AGREEMENTS, Plaintiff is informed and believes and thereupon alleges that there is now owing and unpaid to certain TRUST FUNDS from EMPLOYER damages during time periods from June 2019 through April 2021, in the sum of at least $83,374.96 consisting of $55,943.28 in unpaid MONTHLY CONTRIBUTIONS, $22,012.80 in liquidated damages, $800.00 in audit fees, and $4,618.88 in interest on the late and/or unpaid MONTHLY CONTRIBUTIONS owed to the TRUST FUNDS through August 30, 2021,  plus additional accrued interest thereafter at the plan rate(s), currently 5.25% per annum, until payment of the MONTHLY CONTRIBUTIONS, as well as any additional MONTHLY CONTRIBUTIONS, liquidated damages, audit fees and interest on the additional amounts owed at the plan rate(s) according to proof at the time of trial or other hearing.

28.    The failure of the EMPLOYER to pay MONTHLY CONTRIBUTIONS when due causes harm to the TRUST FUNDS and its participants, which is impractical to accurately quantify.  This may include the cost of collecting the MONTHLY CONTRIBUTIONS from the EMPLOYER or third parties (not including the costs of

427614.1

1  this litigation), the cost of special processing to restore benefit credits because of late

2  MONTHLY CONTRIBUTIONS, the temporary loss of insurance coverage by

3  employees (even if later restored) and medical harm to participants and beneficiaries

4  who may have foregone medical care when notified that medical insurance ceased

5  because of their employer's failure to pay MONTHLY CONTRIBUTIONS.  The

6  liquidated damages provision of the AGREEMENTS was meant to compensate for this

7  unquantifiable loss, and is based on the ratio of collection costs over amounts collected,

8  regularly reported to the Trustees.  The Trustees of the TRUST FUNDS have the

9  authority, in their discretion, to waive all or part of these liquidated damages.  In this

10  case, they have exercised their discretion by declining to waive any liquidated damages.

11      29.    It has been necessary for the TRUST FUNDS to engage counsel to bring

12  this action to compel compliance with the AGREEMENTS which provide that in the

13  event litigation is necessary with respect to any of the fringe benefit MONTHLY

14  CONTRIBUTIONS and/or damages against EMPLOYER, then EMPLOYER would pay

15  reasonable attorney's fees and all other reasonable expenses of collection, including audit

16  fees.

17      30.    Under Sections 515 and 502(g) of ERISA, EMPLOYER is liable to the

18  TRUST FUNDS not only for the amount of delinquent MONTHLY CONTRIBUTIONS

19  but also (a) for pre-judgment and post-judgment interest on the delinquent sums (as

20  provided for in Section 502(g) of ERISA); (b) for the higher of interest or liquidated

21  damages (as provided for in Section 502(g) of ERISA); (c) for attorneys' fees; and (d)

22  for other relief permitted by Section 502(g) of ERISA.

### SECOND CLAIM FOR RELIEF
### DAMAGES FOR BREACH OF FIDUCIARY DUTIES
### IN VIOLATION OF ERISA
### (AGAINST EMPLOYER, HINTON AND DOE 1 THROUGH DOE 5)

28      31.    Plaintiff repeats and realleges and incorporates herein by reference each

427614.1

and every allegation contained in paragraphs 1 through 30 above.

32.     Plaintiff is informed and believes and thereon alleges that HINTON and/or DOE 1 to DOE 5, inclusive, were and still are parties in interest, the agents, managing officers, directors, managing employees, and/or beneficial owners of EMPLOYER with the authority to direct, control, and/or manage the business affairs of EMPLOYER including the disposition of EMPLOYER's assets.

33.     Plaintiff is informed and believes and thereon allege that EMPLOYER, HINTON and/or DOE 1 to DOE 5, inclusive, were and still are fiduciaries with respect to the TRUST FUNDS within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), in that they exercised discretionary authority or control respecting management or disposition of assets of the TRUST FUNDS.

34.     The AGREEMENTS require that EMPLOYER deduct MONTHLY CONTRIBUTIONS due to the CONSTRUCTION LABORERS VACATION TRUST FUND FOR SOUTHERN CALIFORNIA ("VACATION FUND") from EMPLOYER's employees' weekly paychecks, in the amounts specified.  Such deductions are "amounts that a participant has withheld from his wages by an employer, for contribution" to the TRUST FUNDS, which thus become assets of the TRUST FUNDS within the meaning of 29 C.F.R. § 2510.3-102, "as of the earliest date on which such contributions . . . can reasonably be segregated from the employer's general assets."

35.     On "public works" as defined by California Labor Code § 1720, the EMPLOYER was required to pay a minimum "prevailing" or "per diem" wage, including amounts which could either be paid directly on the weekly paycheck to employees, or contributed as "employer payments" (as defined in Labor Code § 1773.1) which includes payments to the TRUST FUNDS.  Plaintiff is informed and believes the EMPLOYER employed workers on such public works covered by the AGREEMENTS, and certified under penalty of perjury (pursuant to Labor Code § 1776) that a portion of the required prevailing wage due such employees would be withheld from their per diem weekly wage and instead contributed to the TRUST FUNDS, in

satisfaction of the prevailing wage required law.  The U.S. Department of Labor has taken the position that such amounts are "amounts that a participant has withheld from his wages by an employer, for contribution" to the TRUST FUNDS, which become assets of the TRUST FUNDS within the meaning of 29 C.F.R. § 2510.3-102, "as of the earliest date on which such contributions . . . can reasonably be segregated from the employer's general assets."

36.     Plaintiff is informed and believes that, instead of turning over VACATION FUND contributions and the portions of the prevailing wage the EMPLOYER was required to be paid to the TRUST FUNDS from employees' weekly paychecks, that EMPLOYER, HINTON and/or DOE 1 to DOE 5, inclusive, kept those amounts for their own use, and did not segregate or turn them over to the TRUST FUNDS.

37.     Plaintiff is informed and believes that EMPLOYER performed work on projects that included public works projects for the  LACMTA and DISTRICT NO. 2 on which prevailing wages were required to be paid to employees, and which required certified payroll records to be completed relating to the employees' work on the projects.

38.     Plaintiff is informed and believe that HINTON and/or DOE 1 to DOE 5, inclusive, are the persons responsible (or directed office personnel) for preparing and issuing certified payroll reports on EMPLOYER's public works projects under Labor Code § 1776, and were responsible for the certification that such amounts would be paid to the TRUST FUNDS as part of the prevailing wage obligation.

39.     Plaintiff is further informed and believes that HINTON and/or DOE 1 to DOE 5, inclusive, had discretionary authority or control over sufficient, segregable funds to pay the amounts that would be withheld from employees' weekly wages for contribution to the TRUST FUNDS in order to meet prevailing wage obligations, including the authority to write checks on the accounts in which such funds were held, but instead kept them for his own use, or for the use of the EMPLOYER.

40.     By their discretionary authority or control over the management or disposition of assets of the TRUST FUNDS, specifically the VACATION FUND as well

-12-

427614.1

as the fringe benefit component of prevailing wages on public works (MONTHLY CONTRIBUTIONS) described above, EMPLOYER, HINTON and/or DOE 1 to DOE 5, inclusive, are fiduciaries of the TRUST FUNDS within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

41. The amount of the delinquent MONTHLY CONTRIBUTIONS referenced herein above relating to public works projects including the VACATION FUND were and still are due and owing to the TRUST FUNDS and are assets of the TRUST FUNDS within the meaning 29 U.S.C. §§ 1001-1003, 1021-1031, 1111-1114 and 18 U.S.C. § 664. The known MONTHLY CONTRIBUTIONS, including VACATION FUND amounts total at least $55,943.28; however, all MONTHLY CONTRIBUTIONS and damages, (including liquidated damages of $22,012.80 and interest of $4,618.88 through August 30, 2021) by reason of EMPLOYER'S, HINTON's and DOE 1 through DOE 5 failure to turn over asses of the TRUST FUNDS as referenced herein above will be proven at the time of trial or other hearing, plus interest at the plan rate(s).

42. Plaintiff is informed and believes and thereupon alleges that by failing to timely account for and turn over the assets of the TRUST FUNDS described above, by failing to apply such assets for the exclusive benefit of participants and beneficiaries of the TRUST FUNDS, and instead using those assets for their own benefit, EMPLOYER, HINTON and/or DOE 1 to DOE 5, inclusive, breached their fiduciary duties to the TRUST FUNDS within the meaning of sections 404(a)(1)(A), (B) and (D), of ERISA, 29 U.S.C. §§ 1104(a)(1)(A), (B) and (D).

43. Plaintiff is informed and believes and thereon alleges that the acts and omissions to act by EMPLOYER, HINTON and/or DOE 1 to DOE 5, inclusive, constitute misuse, misappropriation and/or conversion from employee benefit plans within the meaning of 18 U.S.C. § 664 and breach of their fiduciary obligations within the meaning of 29 U.S.C. § 1104 through §1106.

44. Pursuant to § 409 of ERISA, 29 U.S.C. § 1109, HINTON and/or DOE 1 to DOE 5, inclusive, and EMPLOYER are personally liable to make good to the TRUST

427614.1

-13-

1  FUNDS any losses to them resulting from each such breach of their fiduciary duties, and

2  to restore to the TRUST FUNDS any profits which have been made through their use of

3  these assets of the TRUST FUNDS.  Plaintiff seeks an accounting from EMPLOYER,

4  HINTON and/or DOE 1 to DOE 5, inclusive, of the amount and disposition of these

5  assets.

6      45.    Plaintiff requests that it be awarded its costs and reasonable attorney's fees

7  pursuant to § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), and such other remedies as

8  may be available pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and

9  1132(a)(2).

10

11                    **THIRD  CLAIM FOR RELIEF**

12              **FOR MONETARY DAMAGES FOR BREACH OF**

13                    **SETTLEMENT AGREEMENT**

14                       **(AGAINST EMPLOYER)**

15      46.    Plaintiff realleges and incorporates herein by reference each and every

16  allegation contained in paragraphs 1 through 30, inclusive, as though fully set forth

17  herein.

18      47.    The TRUST FUNDS, the EMPLOYER entered into a conditional

19  settlement ("SETTLEMENT AGREEMENT") with respect to the known amounts owed

20  by EMPLOYER on MONTHLY REPORTS on projects under the MTA PLA and under

21  the DISTRICT PLA for time periods from June 2019 to Februrary 2021 which totaled

22  $67,933.56 with interest through April 27, 2021 ("CLAIM").  In and by the terms of the

23  SETTLEMENT AGREEMENT, the TRUST FUNDS agreed to a payment arrangement

24  on the CLAIM with EMPLOYER upon compliance with express conditions set forth in

25  the SETTLEMENT AGREEMENT.

26      48.    Under the express terms of the SETTLEMENT AGREEMENT, the

27  following constitutes a default and/or breach of the SETTLEMENT AGREEMENT by

28  EMPLOYER: (1) failure to timely remit payment of the monthly payments as provided

427614.1

for by the terms of the SETTLEMENT AGREEMENT; (2) failure to comply with EMPLOYER's obligations under the terms of the AGREEMENTS to timely submit MONTHLY REPORTS disclosing all of the hours worked by employees for which MONTHLY CONTRIBUTIONS are due with payment of the MONTHLY CONTRIBUTIONS due; and (3) failure to comply fully with an audit of EMPLOYER's records and to pay the amounts found due in the audit within a specific time period.

49.     The EMPLOYER breached the SETTLEMENT AGREEMENT by failing to submit payment of the audit findings due under the provisions of the terms of the SETTLEMENT AGREEMENT.  EMPLOYER failed to respond to demands for payment of the amounts due or to otherwise communicate with Plaintiff concerning the audit findings, and no further payments under the SETTLEMENT AGREEMENT were submitted.

50.     EMPLOYER agreed to be liable for the entire CLAIM, ($67,933.56) plus interest at the plan rate(s) due under the terms of the SETTLEMENT AGREEMENT in consideration of the payment arrangement and for a reduced amount to satisfy the total amount due under the terms of the SETTLEMENT AGREEMENT if successfully completed.

51.     As a result of the EMPLOYER's breach of the SETTLEMENT AGREEMENT, the conditions in the SETTLEMENT AGREEMENT were not met and the SETTLEMENT AGREEMENT does not bar collection of any unsatisfied amounts of that delinquency by any lawful means; therefore, under the terms of the SETTLEMENT AGREEMENT, the full amount of the CLAIM, upon breach, became immediately due and owing by the EMPLOYER to the TRUST FUNDS, plus interest at the TRUST FUNDS' plan rate(s). The amount due by the EMPLOYER for its breach of the SETTLEMENT AGREEMENT is $40,408.05 with interest to August 30, 2021 plus additional interest thereafter which has and will continue to accrue at the plan rate(s) until fully paid.  Any and all conditions to the EMPLOYER's obligations under the SETTLEMENT AGREEMENT to pay this amount have been met.

427614.1

52.     Under the terms of the SETTLEMENT AGREEMENT, Plaintiff is entitled to an award of its attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**

**(Against ACIC for Monetary Damages**

**Through Enforcement of License Bonds)**

53.     Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30 and 46-52 above as if fully set forth herein.

54.     Pursuant to various provisions of the California Business and Professions Code, including Business and Professions Code § 7071.5, EMPLOYER obtained from Defendant, ACIC, bond number SC1023602 ("LICENSE BOND") and filed the LICENSE BOND with the Registrar of the California State Contractors License Board in the penal sum as required by statute and in favor of the State of California.

55.     TRUST FUNDS, as assignee of the various laborers' claims for recovery of the benefit portion of their wages, falls within the class or classes of claimants as set forth in California Business and Professions Code §§ 7071.5, 7071.10 and California Civil Code § 8024(b), and is a beneficiary of the LICENSE BOND.

56.     The TRUST FUNDS are "Laborers" under California Civil Code § 8024(b).  As such, they are beneficiaries of the LICENSE BOND under California Business and Professions Code §§ 7071.5(e)..

57.     Plaintiff timely submitted claims to ACIC against the LICENSE BOND issued to EMPLOYER for MONTHLY CONTRIBUTIONS ("BOND CLAIM".)

58.     Pursuant to the terms of the LICENSE BOND, and provisions of California Business and Professions Code, ACIC is responsible for paying up to the penal sum of said LICENSE BOND or at least $4,000.00 to the TRUST FUNDS for the unpaid MONTHLY CONTRIBUTIONS owed on behalf of EMPLOYER's employees, including interest and attorney's fees.

-16-

427614.1

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**<u>FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF</u>**

1.    For the sum of $55,943.28, for delinquent fringe benefit MONTHLY CONTRIBUTIONS pursuant to the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(A);

2.    Interest on the delinquent MONTHLY CONTRIBUTIONS in the amount of $4,618.88 through August 30, 2021, as required by the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B), plus additional accrued interest at the plan rate(s);

3.    For liquidated damages in the sum of $22,012.80 as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(C);

4.    For Plaintiff's costs of audit in the sum of $800.00 in accordance with the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(E);

5.    For any additional amounts including MONTHLY CONTRIBUTIONS, liquidated damages, audit fees, fees/costs incurred by the TRUST FUNDS as a result of the submission of checks not honored by the bank upon which they were drawn, and amounts owed as a result work performed by any subcontractors of the EMPLOYER (or lower-tier subcontractors) determined to be due, plus interest at the plan rate(s) currently 7.25% pursuant to the AGREEMENTS and 29 U.S.C. §§ 1132(g)(2) and 1145, according to proof at the time of trial and/or other hearing.

6.    For reasonable attorney fees and costs of suit as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(D);

7.    For such other and further relief as the Court deems proper.

**<u>FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF</u>**

1.    For personal liability of EMPLOYER, HINTON and DOE 1 through DOE 5 inclusive for their breaches of fiduciary duty, pursuant to ERISA § 409(a), 29 U.S.C.

427614.1

§ 1109(a) according to proof at the time of trial or other hearing;

2.    For an accounting of all assets of the TRUST FUNDS which have not been turned over to the TRUST FUNDS, and any profits derived by EMPLOYER, HINTON and DOE 1 through DOE 5 therefrom according to proof at the time of trial or other hearing;

3.    For damages, including MONTHLY CONTRIBUTIONS, liquidated damages in the sum of $77,956.08 owed by EMPLOYER, plus additional amounts according to proof at the time of trial or other hearing;

4.    For interest on the amounts owed by EMPLOYER, HINTON and DOE 1 through DOE 5 in the sum of $4,618.88 plus additional accrued interest at the plan rate(s) currently 5.25% per annum after August 30, 2021.

5.    For reasonable attorneys' fees and costs of suit pursuant to § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1); and

6.    For such other and further relief as the Court deems proper and just, pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and 1132(a)(2).

## FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF

1.    For $40,408.05 pursuant to the SETTLEMENT AGREEMENT and applicable law, including but not limited to California Civil Code § 3302;

2.    For an additional accrued interest at the TRUST FUNDS' plan rate(s), currently 5.250% per annum from August 30, 2021, pursuant to terms of the SETTLEMENT AGREEMENT and applicable law, including but not limited to California Civil Code §§ 3287, 3289 and 3302.

3.    For attorneys' fees and costs pursuant to the SETTLEMENT AGREEMENT and applicable law, including but not limited to California Civil Procedure Code § 1032(b) and California Civil Code § 1717.

4.    For such other relief that this Court deems appropriate, pursuant to any

427614.1

authority of the Court, including, but not limited to, the authority established by 29 U.S.C. §§ 1132(g)(2)(E) and 1132 (a)(3)(B).

## **FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF**

1.    For up to the penal sum of the LICENSE BOND, or at least $4,000.00 plus interest at the rate or rates required by law, including California Labor Code § 218.6, from the respective days the MONTHLY CONTRIBUTIONS providing the basis for the CLAIM that became due.

2.    For interest on the amounts owed at the TRUST FUNDS' plan rate(s) of interest;

3.    For reasonable attorneys' fees and costs.

4.    For such other relief that this Court deems appropriate.

Respectfully Submitted,

DATED:  September 1, 2021

ALEXANDER B. CVITAN,
MARSHA M. HAMASAKI, and
PETER A. HUTCHINSON of
REICH, ADELL & CVITAN
A Professional Law Corporation


By____/s/ Marsha M. Hamasaki_____
    MARSHA M. HAMASAKI
    Attorneys for Plaintiff

427614.1